# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARRYL LAMONT MAXIE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:21-CV-1354 AGF |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion for evidentiary hearing and for leave to conduct discovery.[1] Also before the Court is movant's request for a thirty-day (30) extension to file a memorandum on behalf of his motion to vacate. Movant's request for an evidentiary hearing and to file discovery is premature and will be denied. Movant's request for a thirty-day (30) extension of time to file his memorandum on behalf of his motion to vacate will be granted.

The Court must first make an initial inquiry into whether movant's motion to vacate brought pursuant to 28 U.S.C. § 2255 can be resolved without holding an evidentiary hearing and allowing discovery. The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)).

---

[1]Movant's discovery motion is titled, "Motion to Allow for Time for the Bureau of Prisons to Copy Discovery Discs."

The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220–21 (8th Cir. 1990)). The Court has not yet had the opportunity to assess whether the facts alleged by movant, if true, would entitle him to relief. Thus, the Court will deny movant's motion for evidentiary hearing and leave to file discovery at this time. After receiving respondent's brief, which is due no later than forty-five (45) days from the date of this Memorandum and Order, the Court will be able to determine whether an evidentiary hearing and discovery is necessary.

Last, movant seeks an additional thirty days (30) to file a memorandum on behalf of his motion to vacate, stating that the copy machine time is limited at USP Marion due to Covid-19 restrictions. The Court will grant movant's motion.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for evidentiary hearing [ECF No. 6] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that movant's motion to allow time for the Bureau of Prisons to copy discovery discs [ECF No. 4] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that movant's motion for a thirty-day (30) extension of time to file a memorandum in support of his motion to vacate [ECF No. 3] is **GRANTED.** Movant's memorandum is due to the Court **no later than thirty (30) days from the date of this Memorandum and Order.**

Dated this 18th day of November 2021.

                                                     AUDREY G. FLEISSIG
                                                     UNITED STATES DISTRICT JUDGE